UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH FOSTER                                              CIVIL ACTION

VERSUS                                                    NUMBER: 18-7684

NELSON COLEMAN CORR.                                      SECTION: "G"(5)
CENTER, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Keith Foster, against Defendants, the Nelson Coleman Correctional Center ("NCCC") and the St. Charles Parish Sheriff's Office. (Rec. doc. 5; 3, p. 1).

Plaintiff is an inmate of NCCC in Killona, Louisiana,[1] who complains of the adequacy of the medical care he has received for a left ear infection. (Rec. docs. 3, pp. 4-5). Plaintiff seeks a substantial amount of monetary damages. (*Id.* at p. 4).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

---

[1] Although Plaintiff is presently incarcerated at NCCC, a Parish penal facility, the Court notes that he was recently sentenced to significant time in federal custody in the matter entitled *United States v. Foster*, No. 16-CR-192 "I"(5).

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like NCCC are not considered to be "persons" within the meaning of §1983 as it is a building and not an entity or person who is capable of being sued as such. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998). In addition, in Louisiana, a "… sheriff's office is not a legal entity capable of being sued …" *Cozzo v. Tangipahoa Parish Council – President's Government*, 279 F.3d 273, 283 (5th Cir. 2002); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Causey v. Parish of Tangipahoa*, 167 F.Supp. 2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). In the absence of any specifically named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006). In light of these authorities, it will be recommended that Plaintiff's complaint against NCCC and the St. Charles Parish Sheriff's Office be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  11th  day of  September , 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.