UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KEITH FOSTER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-7684 |
| NELSON COLEMAN CORRECTIONAL CENTER, et al. | SECTION "G"(5) |

# ORDER

Before the Court are Plaintiff Keith Foster's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a prisoner housed in the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana, filed a pro se, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against NCCC and the St. Charles Parish Sheriff's Office ("SCPSO") (collectively, "Defendants").[2] The Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's claims with prejudice as frivolous.[3] Plaintiff objects to the Report and Recommendation.[4] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss Plaintiff's claims with prejudice.

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 3.

[3] Rec. Doc. 8 at 2.

[4] Rec. Doc. 9.

## I. Background

*A.    Factual and Procedural Background[5]*

On August 31, 2018, Plaintiff filed a complaint against Defendants.[6] In the Complaint, Plaintiff alleges that on or about April 30, 2018, he requested that he be seen by a doctor due to left ear pain.[7] Plaintiff alleges that he was prescribed Tylenol and eye drops for treatment of his ear condition.[8] Plaintiff alleges that he requested to be transported to a hospital because his ear pain persisted, but his request was denied.[9] Plaintiff asserts that his ear condition is still unresolved.[10] He also alleges that he filed an emergency written grievances but did not receive a response.[11]

*B.    Report and Recommendation Findings*

On September 11, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[12] The Magistrate Judge stated that correctional facilities like NCCC are not "persons" capable of being

---

[5] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.

[6] Rec. Doc. 3.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.*

[12] Rec. Doc. 3 at 3.

sued under Section 1983.[13] The Magistrate Judge also stated that in Louisiana sheriff's offices are not legal entities capable of being sued.[14] Therefore, because Plaintiff had not named any appropriate juridical persons against whom judgment may be entered, the Magistrate Judge recommended that the Complaint be dismissed with prejudice.[15]

## C.    *Plaintiff's Objections*

Plaintiff objects to the Magistrate Judge's recommendation.[16] Plaintiff avers that he followed the jail's grievance procedures, but he did not receive a response from jail officials.[17] He states that "[a] mistake has been made on my behalf and ask the Court to grant my request."[18]

## II. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[19] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.*

[16] Rec. Doc. 9.

[17] *Id.* at 1.

[18] *Id.*

[19] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[20] A district court's review is limited to plain error for parts of the report which are not properly objected to.[21]

## B. Standard for Frivolousness

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[22] A complaint is frivolous if it lacks an arguable basis in law or fact.[23] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[24] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[25] It lacks a basis in fact if "the facts alleged are clearly baseless."[26] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[27] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), the Court may dismiss a complaint that is "frivolous or malicious" or "fails to state a claim on which relief may be granted."

## III.  Law and Analysis

Plaintiff objects to the Magistrate Judge's recommendation that the Complaint be

---

[20] Fed. R. Civ. P. 72(b)(3).

[21] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[22] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[23] *Id.*

[24] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[25] *Talib*, 138 F.3d at 213.

[26] *Id.*

[27] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

4

dismissed because Plaintiff does not name a juridical entity capable of being sued. However, Plaintiff has not provided any specific briefing on the issue or sought to name any juridical entity that is capable of being sued.

42 U.S.C. § 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law.[28] Rule 17(b)(3) of the Federal Rules of Civil Procedure provides that capacity to sue or be sued is determined by the law of the state where the court is located. Therefore, Louisiana law governs whether the SCPSO and NCCC are entities capable of being sued.

Under Louisiana law, a "juridical person" is an entity capable of being sued. Louisiana Civil Code article 24 defines a juridical person as "an entity to which the law attributes personality, such as a corporation or partnership." As the Fifth Circuit has recognized, a "sheriff's office is not a legal entity capable of being sued" under Louisiana law.[29] Additionally, federal courts have consistently recognized that a jail or prison facility is not a "person" under Section 1983.[30] Therefore, Plaintiff has failed to state a claim against NCCC and SCPSO on which relief may be granted because these defendants are not persons or entities capable of being sued. Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Defendants be dismissed with prejudice as frivolous and for failure to state a claim upon

---

[28] 42 U.S.C. § 1983; *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[29] *Cozzo v. Tangipahoa Parish Council – President's Government*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. Saint Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 635 (E.D. La. 1999); *Ferguson v. Stephens*, 623 So.2d 711, 714 (La. App. 4 Cir. 1993)).

[30] *See Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009) (citing *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-420, 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill.1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F.Supp. 1255, 1256 (E.D. Mich.1982)).

which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**NEW ORLEANS, LOUISIANA,** this __28th__ day of December, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**